IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

VALERIE KREGER-MUELLER,

            Plaintiff,

  v.

DAVID M. FLORES, JUDGE SHELLY GAYLORD, JASON HANSON, JUDGE RICHARD NIESS, JENNIFER GINSBERG, SAFE HARBOR, DANE COUNTY CPS, DANE COUNTY CIRCUIT COURT, DAVID MITCHELL, and COURTNEY PLEIST,

            Defendants.

OPINION & ORDER

16-cv-326-jdp

Pro se plaintiff Valerie Kreger-Mueller has filed a proposed civil action against several defendants, including county employees and departments. Dkt. 1 and Dkt. 4. She alleges that they are violating her due process rights by not allowing her to leave the county with her daughter. She also alleges that they have defamed her, discriminated against her, and defrauded her. She also seeks injunctive relief. Dkt. 5.

Because plaintiff is proceeding *in forma pauperis*, I must screen her complaint and dismiss any portion that is legally frivolous, malicious, or fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2). In addressing any pro se litigant's complaint, I must read the allegations made in the complaint generously. *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010). Having reviewed the complaint, Dkt. 1, the amended complaint, Dkt. 4, I conclude that plaintiff has failed to properly state a claim under Federal Rule of Civil Procedure 8. But I will give her an opportunity to file a second amended complaint and attempt to correct the deficiency.

Plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. Plaintiff's claim must also be plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiff's complaints do not say what exactly happened to her. Nor do they explain how each defendant acted or failed to act in violation of her federal or constitutional rights. Plaintiff refers to proceedings in the circuit court for Dane County, but it is unclear what is happening in those proceedings. Plaintiff's claims involve family law matters. So, there is a good chance that that this court will not interfere in those proceedings.

Because plaintiff's complaints lack sufficient facts to meet the pleading standard of Rule 8, I will dismiss them. But I will give plaintiff one more opportunity to file a second amended complaint with more detailed information addressing these concerns. In her second amended complaint, plaintiff should explain exactly what each defendant did or failed to do and how those actions or inactions harmed her. If plaintiff cannot is not able to allege enough facts to state a claim, then I will dismiss her case.

Plaintiff's requested injunctive relief, Dkt. 3, will be denied because she has not yet stated a claim for relief. If plaintiff is able to state a claim in her second amended complaint and still needs injunctive relief, she may move for it as needed.

If plaintiff is attempting to protect her daughter's rights in this lawsuit, she must be represented by a lawyer. She may not represent her daughter pro se. *Tuttle v. Illinois Dep't of Children & Family Servs.*, 7 F.3d 238 (7th Cir. 1993) ("Although a parent has a right to litigate claims on his own behalf without an attorney, he cannot litigate the claims of his children unless he obtains counsel."); *see also Bullock v. Dioguardi*, 847 F. Supp. 553, 560

(N.D. Ill. 1993) ("A parent may sue on behalf of his or her minor child as a next friend if the parent is represented by counsel and has no interests that conflict with those of the child.").

ORDER

IT IS ORDERED that:

1. Plaintiff Valerie Kreger-Mueller's complaint, Dkt. 1, and first amended complaint, Dkt. 4, are DISMISSED for failure to comply with Federal Rule of Civil Procedure 8.

2. Plaintiff's motion for injunctive relief, Dkt. 5, is DENIED.

3. Plaintiff may have until August 23, 2016, to file a third amended complaint. If plaintiff fails to do so by this deadline, I will direct the clerk of court to enter judgment in favor of defendants.

Entered August 2, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge