IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

VALERIE KREGER-MUELLER,

                Plaintiff,

v.

DAVID M. FLORES, JUDGE SHELLY GAYLORD,
JASON HANSON, JUDGE RICHARD NIESS,
JENNIFER GINSBERG, SAFE HARBOR, DANE
COUNTY CPS, DANE COUNTY CIRCUIT COURT,
DAVID MANDELL, and COURTNEY PLEIST,

                Defendants.

ORDER

16-cv-326-jdp

---

      Pro se plaintiff Valerie Kreger-Mueller brings this proposed civil action against several defendants, including county employees and departments. Dkt. 1 and Dkt. 4. In an August 2, 2016, order, I reviewed her initial complaint and amended complaint and concluded that they did not meet the pleading requirements of Federal Rule of Civil Procedure 8. Dkt. 6. I offered Kreger-Mueller an opportunity to file a second amended complaint and include additional facts so that I could understand the nature of her claims. Kreger-Mueller has filed a second amended complaint. Dkt. 12.

      Kreger-Mueller's second amended complaint contains many disjointed allegations against a number of people, including some who are not named as defendants. Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." *Viacom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 775 (7th Cir. 1994). Kreger-Mueller's allegations are vague and conclusory. I cannot divine any

cognizable claims from these allegations, but I will allow Kreger-Mueller one final opportunity to submit a complaint that states a claim for relief.

First, Kreger-Mueller alleges that various Dane County Circuit Court judges ruled against her. These allegations concern judges' judicial conduct. Judges have absolute immunity from liability for judicial conduct. *Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001). Judicial immunity "confers complete immunity from suit, not just a mere defense to liability." *Dawson v. Newman*, 419 F.3d 656, 660 (7th Cir. 2005). Court commissioners performing "functions integral to the judicial process" are also immune from liability. *Dellenbach v. Letsinger*, 889 F.2d 755, 763 (7th Cir. 1989). This means that Kreger-Mueller cannot proceed against any judge or court commissioner with any claim arising out of their official decisions or actions.

Second, Kreger-Mueller alleges that defendants City of Middleton Police Department, City of Middleton Police Commission Board, Dane County Child Protective Services, and David Flores deprived Kreger-Mueller of her parental rights when Court Commissioner Hanson awarded Flores primary placement and sole custody of Kreger-Mueller's daughter in an ex parte order. The biological parent of a child has a fundamental right, protected by the due process clause of the Fourteenth Amendment, to parent that child. *See Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 27 (1981). A parent may be deprived of that right only if she is afforded notice and an opportunity to be heard at a meaningful time in a meaningful way. In cases involving the termination of parental rights or the removal of a child from the parental home, this would usually require a hearing. *Ellis v. Hamilton*, 669 F.2d 510, 512 (7th Cir. 1982). When the state provides adequate remedies to the parent, there is no due process violation. *Id.* at 515. Wisconsin allows for review of ex parte orders regarding child custody

and placement, and this review provides an adequate remedy for an erroneous order. *See, e.g.*, *Jones v. Jones*, 142 Wis. 2d 943, 419 N.W.2d 573 (Ct. App. 1987) (reviewing a Dane County Court Commissioner's ex parte order granting custody of a child and concluding that court hearings concerning the order *after* it was entered satisfied due process).

Here, Kreger-Mueller alleges that Dane County Circuit Court Judge Shelley Gaylord has stayed a motion for sole custody and primary placement of Kreger-Mueller's daughter. So it appears that Kreger-Mueller is pursuing the available state remedies and thus has no due process claim under the Fourteenth Amendment. Only if Kreger-Mueller has been completely shut out of the process, such that she has had no meaningful opportunity to be heard concerning her parental rights, may she be able to state a claim under 42 U.S.C. § 1983 for the violation of her Fourteenth Amendment rights. If Kreger-Mueller wants to pursue this claim in her third amended complaint, she must allege that she has no remedy at all, not just that she is dissatisfied with the results. She should tell a more complete story about what led to Commissioner Hanson's order and what steps she has taken to reverse that order. She should explain how each named defendant has blocked her access to a means of challenging the termination of her parental rights.

Third, it appears that Kreger-Mueger asserts failure to investigate claims against some defendants on behalf of her daughter. These claims must be dismissed because, as I have explained multiple times, Kreger-Mueller cannot represent her child pro se. *See* Dkt. 6 and Dkt. 14. To assert her child's rights in this lawsuit, the child must be represented by a lawyer.

Kreger-Mueller still has not stated a claim under Rule 8. She has yet to tell me exactly what the defendants did to violate her constitutional rights. At this point, the only conceivable claim that she has alleged is that some defendants are blocking her from

3

challenging the termination of her parental rights. I will give her a final opportunity to amend her complaint and to describe how each defendant violated her rights. She should exclude extraneous information and focus on only those allegations that support a claim. If her third amended complaint does not solve the problems identified in this order, her case will be dismissed for failure to state a claim. This is her last chance.

Finally, Kreger-Mueller alleges that officers from the Middleton Police Department violated her Fourth Amendment rights by falsely arresting her on August 23, 2016, and September 1, 2016. This claim appears to be unrelated to the child custody proceedings at the heart of Kreger-Mueller's complaint, and so it does not belong in the same lawsuit. Under Rule 20, multiple claims against multiple defendants may be joined in one lawsuit only if they arise out of the same transaction or occurrence and present questions of law or fact that are common to them all. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Kreger-Mueller should not include these allegations in her third amended complaint unless she can show how the alleged false arrests are connected to the child custody proceedings. Whether Kreger-Mueller brings these claims in this lawsuit or another one, she will not be able to proceed with them under the facts she currently alleges, as she has not named the individual officers as defendants, nor has she alleged that the Middleton Police Department's policy or practice caused the alleged false arrests. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978).

ORDER

IT IS ORDERED that:

1. Plaintiff Valerie Kreger-Mueller's second amended complaint is DISMISSED, without prejudice, for failure to comply with Federal Rule of Civil Procedure 8.

2. Plaintiff may have until November 10, 2016, to submit a third amended complaint more clearly detailing her claims against defendants. If plaintiff submits a third amended complaint as required by this order, I will take that complaint under advisement for screening. If plaintiff fails to respond to this order by the deadline, I will dismiss the case for plaintiff's failure to state a claim upon which relief may be granted.

Entered October 20, 2016.

                              BY THE COURT:

                              /s/

                              _____
                              JAMES D. PETERSON
                              District Judge